UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD EMRIT, | ) | CASE NO. 1:23-cv-1344 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| SABINE AISHA JULES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*Pro se* Plaintiff Ronald Emrit filed this action against his former spouse, Sabine Aisha Jules seeking an annulment of their marriage which ended in divorce in 2006. Plaintiff contends he is attempting to obtain a "Stepford wife" from the Ukraine, and he is concerned that having a prior marriage may complicate the matter. (Doc. No. 1 at PageID 2). He states he would like to create a legal fiction in which he and the Defendant can have "selective amnesia" and deny that they know each other. (Doc. No. 1 at PageID 8). In this way he can avoid telling his prospective bride that he was previously married. He asserts a claim for "tortious interference with family relations" (Doc. No. 1 at PageID 6) but reiterates that he is not seeking damages of any sort. He simply wants this Court to grant him an annulment of his marriage. (Doc. No. 1 at PageID 7).

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2). That Motion is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

This Court is without jurisdiction to grant the relief Plaintiff requests. Federal courts are courts of limited jurisdiction, and unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Plaintiff contends that this Court has subject matter jurisdiction based on diversity of citizenship. He states that he is a resident of both Florida and Maryland, but he lists his address as Maryland. He claims the Defendant resides in Florida. There are two insurmountable obstacles to establishing diversity jurisdiction. First, diversity jurisdiction only exists if the amount in controversy exceeds $75,000. Here, Plaintiff explicitly pleaded that the amount in controversy does not meet this threshold. (Doc. No. 1 at PageID 4.) Second, there is no diversity jurisdiction because of the domestic-relations exception. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). "When analyzing the applicability of the domestic-relations exception, [courts] must focus on the remedy that the plaintiff seeks." *Chevalier v. Est. of Barnhart*, 803

F.3d 789, 797 (6th Cir. 2015). If the plaintiff seeks a divorce or a nullification of his or her marriage, the case falls squarely in the domestic-relations exception. *Id.* at 797-98. Here, the domestic-relations exception applies because Plaintiff asks this Court to annul his marriage.[1] *See id.* (Doc. No. 1 at PageID 7.)

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, Plaintiff is proceeding *pro se*, and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Nevertheless, even with that liberal construction, Plaintiff has not identified a federal question in this case. The only legal cause of action raised in the Complaint is tortious interference with family relations. If this tort is actionable, it would arise under Ohio law. Plaintiff cites no federal statute that would provide him with this relief, and none is apparent on the face of the Complaint.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff's Motion to Proceed *In Forma Pauperis*

---

[1] Plaintiff knows that federal courts do not have the power to grant the relief he seeks. *E.g.*, *Emrit v. Jules*, No. 6:23-CV-00031, 2023 WL 5207449, at *1-2 (S.D. Tex. July 31, 2023) (dismissing case on subject matter jurisdiction grounds and noting that "Plaintiff has filed at least 30 separate lawsuits, many of them nearly identical, all naming Jules – plaintiff's ex-wife – as defendant, and generally accusing her of tortious interference with family relations [and, of] these cases, two were transferred, thirteen were dismissed prior to service, and fifteen [were] pending initial review.); *Emrit v. Jules*, No. CV 5:23-110-DCR, 2023 WL 2898502, at *2 (E.D. Ky. Apr. 11, 2023) (dismissing Plaintiff's lawsuit because "the Court [was] barred from exercising diversity jurisdiction under the domestic relations exception, which squarely applies where a plaintiff positively sues in federal court for divorce, alimony, or child custody").

(Doc. No. 2) is granted.

      **IT IS SO ORDERED.**

**Date**: November 28, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE